Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6521 | **DATE** | 12/3/2010 |
| **CASE TITLE** | Brian Buchanan (2006-0004242) vs. Dart | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to file *in forma pauperis* [5] is granted. The Court authorizes and orders Cook County Jail officials to deduct $5.33 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Il. 60608. However, summons shall not issue. The complaint on file is dismissed without prejudice. Plaintiff is granted thirty days to submit an amended complaint (plus a judge's copy and service copies). The Clerk is directed to provide Plaintiff an amended civil rights complaint form with instructions. Failure to submit an amended complaint within thirty days of the date of this order will result in summary dismissal of this case in its entirety.

■[For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff, a pretrial detainee at Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $5.33. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt review of the complaint and to dismiss the complaint if it fails to state a claim upon which relief can be granted.

Plaintiff alleges that he has been housed in Division 10 since 2006 and that the Defendants have failed to protect the psych patients from the medical patients that are also housed in Division 10. He alleges that since 2008, psych patients have been stabbed by non-psych patients, including Larry Banks being stabbed in 2010.

Plaintiff's complaint fails to state a claim upon which relief can be granted.

Plaintiff seeks only compensatory and punitive damages for placing inmates at risk by housing them in dangerous conditions. However, Plaintiff does not plead that he has suffered any actual injury. To recover monetary damages under Section 1983, Plaintiff must demonstrate that the alleged constitutional violation caused him actual, compensable injury. *Memphis Comm. Sch. Dist. v. Stachura*, 477 U.S. 299, 308 (1986); *Horina v. City of Granite City, Illinois*, 538 F.3d 624, 637 (7th Cir. 2008). Plaintiff does not allege any actual injury to himself. Thus, he fails to state a claim upon which relief can granted. While he pleads others have been injured (stabbed), he cannot sue on their behalf. *See Gometz v. Henman*, 807 F.2d 113, 115 (7th Cir. 1986).

**STATEMENT**

For the foregoing reasons, the Court dismisses the complaint on file without prejudice. Plaintiff is granted thirty days in which to submit an amended complaint. Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the court, Plaintiff must provide an extra copy for the judge; he must also submit a sufficient number of copies for service on each Defendant named in the amended complaint.

Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.

The Clerk will provide Plaintiff with an amended complaint form and instructions. If Plaintiff fails to comply within thirty days, the case will be summarily dismissed on the understanding that Plaintiff does not wish to pursue his claims in federal court at this time.