Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Edmond E. Chang | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6521 | **DATE** | April 13, 2011 |
| **CASE TITLE** | Brian Buchanan (2006-0004242) vs. Dart | | |

**DOCKET ENTRY TEXT**

Plaintiff's amended complaint [7] is dismissed without prejudice. Plaintiff is granted thirty days to submit a second amended complaint (plus a judge's copy and service copies). The Clerk is directed to provide Plaintiff an amended civil rights complaint form with instructions. Failure to submit a second amended complaint within thirty days of the date of this order will result in summary dismissal of this case in its entirety.

■[For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff, a pretrial detainee at Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. On December 3, 2010, Plaintiff was allowed to proceed *in forma pauperis*, however, his complaint was dismissed without prejudice because it failed to state a claim. Plaintiff has now submitted an amended complaint.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt review of the amended complaint and to dismiss the amended complaint if it fails to state a claim upon which relief can be granted.

Plaintiff alleges that "throughout 2009 and 2010," he has been physically and mentally assaulted by staff members at Cook County Jail. He also alleges that he has been continuously denied "treatment." He next alleges that the policies instituted by Sheriff Tom Dart that place medical patients (inmates) with mentally ill inmates causes him to fight daily with the medical patients because they start fights with the mentally ill inmates. He further alleges that staff members leave their posts for long periods of time resulting in his commissary items being taken from him on a weekly basis. Plaintiff seeks compensatory, punitive, and injunctive relief. However, Plaintiff also includes another page, identified as "Amended Complaint Legal Argument/Facts" in which he alleges that he is being denied group and individual counseling that is available to other inmates. Plaintiff then requests the same relief he sought in the attached document.

Plaintiff's amended complaint fails to state a claim upon which relief can be granted.

An initial note concerning form and the comprehensibility of the amended complaint: Plaintiff's amended complaint is not on the forms provided to him by the Court and it is unclear whether he has submitted one or two different amended complaints. In addition, Plaintiff's sweeping allegations relating to a two-year time period do not provide the Defendant with adequate notice of the claim(s) bought against him. Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, (1957)). To satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), the plaintiff need only state his legal claim and provide "some indication . . . of time and place." *Thompson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004). Plaintiff's general two-year time period and reference to fifteen fights at some unknown time during this time period do not provide the Defendant adequate notice that would allow him to respond to the allegations.

| STATEMENT |
|---|

Lastly, it appears that Plaintiff is improperly bringing unrelated claims in a single lawsuit. In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the U.S. Court of Appeals for the Seventh Circuit examined a prisoner complaint containing a laundry list of grievances. The Court of Appeals admonished the district court for failing to "question" Plaintiff's decision to "join 24 defendants, and approximately 50 distinct claims, in a single suit." *George*, 507 F.3d at 607. In the case at bar, Plaintiff has likewise submitted an amended complaint raising what appears to be multiple distinct actions.

For the foregoing reasons, the Court dismisses the amended complaint on file without prejudice. Plaintiff is granted thirty days in which to submit a second amended complaint. **Plaintiff should use the complaint form provided by the Court.** Plaintiff must write both the case number and the judge's name on the second amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the Court, Plaintiff must provide an extra copy for the judge; he must also submit a sufficient number of copies for service on each Defendant named in the second amended complaint.

Plaintiff is cautioned that an amended pleading supersedes the previously-submitted complaints and must stand complete on its own. Therefore, all allegations must be set forth in the second amended complaint, without reference to the previous complaints. Any exhibits Plaintiff wants the court to consider in its threshold review of the second amended complaint must be attached, and each copy of the second amended complaint must include complete copies of any and all exhibits. Finally, Plaintiff should bear in mind that the second amended complaint should address only the particular claim – deliberate indifference to physical security from staff members and other inmates – and not repeat allegations made in other suits that he has filed, including 10 C 04175 and 10 C 06520.

The Clerk will provide Plaintiff with an amended complaint form and instructions. If Plaintiff fails to comply within thirty days, the case will be summarily dismissed on the understanding that Plaintiff does not wish to pursue his claims in federal court at this time.